**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FELIX WALLS,

        Petitioner,

v.                              CASE NO. 2:06-CV-12441
                               HONORABLE DENISE PAGE HOOD
                               UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,
et. al.,

        Respondents,
_____/

**OPINION AND ORDER DENYING THE
PETITION FOR WRIT OF HABEAS CORPUS**

Felix Walls, (petitioner), currently in transit between federal prisons, has filed a "Petition for Writ of Habeas Corpus AD Subjiciendum In Instanter," which this Court construes as being brought pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges his convictions for conspiracy to possess with intent to distribute and to distribute cocaine, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 371 and 21 U.S.C. § 846. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. Background**

Petitioner was originally convicted of the above offenses in 1995, following a jury trial before Judge Avern Cohn in the United States District Court for the Eastern District of Michigan. Petitioner's conviction was reversed on appeal.

*United States v. Walls,* 162 F. 3d 1162 (table), 1998 WL 552907 (6th Cir. 1998) (unpublished opinion). Petitioner was re-convicted of the same counts on re-trial before Judge Robert H. Cleland. Petitioner was sentenced to life imprisonment on the drug conspiracy and sixty months on the money laundering conspiracy. The United States Court of Appeals for the Sixth Circuit affirmed petitioner's second conviction, but vacated his sentence in light of *United States v. Booker,* 543 U.S. 220 (2005) and remanded the case to the district court for re-sentencing. *United States v. Walls,* 148 Fed. Appx. 248 (6th Cir. 2005). This case remains pending before Judge Cleland and petitioner's re-sentencing is scheduled for June 29, 2006. [1]

Petitioner has now filed the instant petition for writ of habeas corpus, in which he appears to challenge the constitutionality of the controlled substance statute that he was convicted under.

## II. Discussion

The Court will dismiss the instant action, because a petition for writ of habeas corpus is not the proper method for a federal inmate to challenge his conviction.

As an initial matter, petitioner does not indicate what statute he is bringing

---

[1] *See United States v. Walls,* U.S.D.C. No. 92-CR-80236-DT (E.D. Mich.), Dkt. Entry # 598. In a habeas proceeding, a federal district court is permitted to take judicial notice of the records in the case which resulted in the petitioner's underlying conviction. *See Camper v. Benov,* 966 F. Supp. 951, 953, fn. 2 (C.D. Cal. 1997).

his habeas petition under, merely labeling it as a "Petition for Writ of Habeas Corpus AD Subjiciendum In Instanter." A petition for writ of habeas corpus ad subjiciendum is merely another name for the common law writ which was used to inquire into the cause of a person's restraint. *See Carbo v. United States,* 364 U.S. 611, 615 (1961). This common law "Great Writ", however, was codified into the provisions of 28 U.S.C. § 2241. *See Stantini v. United States,* 986 F. Supp. 736, 739 (E.D.N.Y. 1997). Accordingly, this Court construes petitioner's application as being brought under 28 U.S.C. § 2241.

A motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 is the proper post-conviction avenue for relief as to a federal inmate's claims that his or her conviction or sentence was imposed in violation of the federal constitution or laws. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C.§ 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).

In the present case, petitioner challenges the constitutionality of the statute under which he was convicted or sentenced. Petitioner's proper post-conviction remedy to bring such a challenge would be by filing a motion to vacate sentence

pursuant to 28 U.S.C. § 2255 with the court that sentenced him, unless he could show that such a remedy was inadequate or ineffective. *See Taylor v. United States Board of Parole,* 194 F. 2d 882, 883 (D.C. Cir. 1952); *Pradelski v. Hawk-Sawyer,* 36 F. Supp. 2d 1, 2 (D.D.C. 1999).

Petitioner is not entitled to habeas relief from his conviction, because there is no allegation in his petition that his remedy under Section 2255 would be inadequate or ineffective to test the legality of his conviction. *See Baldwin v. United States,* 412 F. Supp. 2d 712, 716 (N.D. Ohio 2005). Indeed, a review of petitioner's habeas application and the court docket sheet shows that petitioner has not yet filed a motion to vacate sentence with the district court. [2] A decision on a motion to vacate a federal sentence brought pursuant to 28 U.S.C. § 2255 is ordinarily required before a federal court will entertain a habeas petition brought by a federal inmate. *See Perkins v. Henderson*, 881 F. Supp. 55, 59 (D.D.C. 1995). Until petitioner has filed a motion to vacate sentence in the sentencing court, he cannot demonstrate that such a remedy is inadequate or ineffective. *See Winston v. Mustain,* 562 F. 2d 565, 567 (8th Cir. 1977).

Without any allegation that his remedy under § 2255 is inadequate or ineffective, petitioner is not entitled to habeas relief from his criminal conviction

---

[2] After petitioner's first conviction was reversed, petitioner filed a "Petition for Writ of Habeas Corpus Ad Subjiciiendum In Instanter" pursuant to 28 U.S.C. § 2255, but this was construed as a pre-trial motion and denied on October 7, 1999. The Sixth Circuit affirmed the denial of this motion and remanded the matter for trial. *See Walls v. United States,* 27 Fed. Appx. 553 (6th Cir. 2001). Petitioner, however, has yet to file a § 2255 motion following his second conviction after his retrial.

pursuant to 28 U.S.C. § 2241.  Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002); *Baldwin,* 412 F. Supp. 2d at 715-16. Indeed, any § 2255 motion to vacate sentence would be premature, in light of the fact that petitioner has yet to be re-sentenced on remand from the Sixth Circuit. *See e.g. United States v. LaFromboise,* 427 F. 3d 680, 686 (9th Cir. 2005).

### III.  ORDER

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

                                                s/ DENISE PAGE HOOD
                                                **HON. DENISE PAGE HOOD**
                                                **UNITED STATES DISTRICT JUDGE**
**Dated:** June 30, 2006