UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIX WALLS,

        Petitioner,

v.                                CASE NO. 2:06-CV-12441
                                  HONORABLE DENISE PAGE HOOD
                                  UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA,

et. al.,

        Respondents,
_____/

## OPINION AND ORDER DENYING THE MOTION TO STRIKE ALL ORDERS ENTERED NUNC PRO TUNC

On June 30, 2006, this Court issued an Opinion and Order Denying petitioner's habeas application, which challenged his convictions before Judge Robert H. Cleland in the United States District Court for the Eastern District of Michigan for conspiracy to possess with intent to distribute and to distribute cocaine, and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 371 and 21 U.S.C. § 846. The Court denied petitioner's post-judgment motions on July 31, 2006. Petitioner has now filed a motion to strike all orders entered in this case *nunc pro tunc*. For the reasons stated below, the motion is DENIED.

The only proper function of a *nunc pro tunc* order is to correct a mistake in the records; it cannot be used to rewrite history. *See Central Laborers' Pension, Welfare and Annuity Funds v. Griffee,* 198 F.3d 642, 644 (7th Cir. 1999). A court's failure to act, or even a court's incorrect action, does not authorize the entry of a *nunc pro tunc* order. *See Occidental Fire & Cas. Co. of North Carolina v. Great Plains Capital Corp.,* 912 F. Supp. 515, 518 (S.D.Fla. 1995). A *nunc pro tunc* order is not available for parties who fail to observe proper procedure. *Id.* at 519.

Petitioner asks for a *nunc pro tunc* order, claiming that he intended to file his petition for writ of habeas corpus in the United States Court of Appeals for the Sixth Circuit, and not in this court. Pursuant to F.R.A.P. 22(a), an application for habeas relief must be filed in the appropriate district court. *See Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *In Re Frazier,* 72 Fed. Appx. 15, 16-17 (4th Cir. 2003). If an application for habeas relief is filed with a court of appeals, F.R.A.P. 22(a) requires that the petition be transferred to the appropriate district court. *See Henderson v. State of Mo.,* 661 F. 2d 107, 108 (8th Cir. 1981).

Petitioner is not entitled to the issuance of a *nunc pro tunc* order where he failed to follow proper procedures in this case by filing his petition for writ of habeas corpus with this Court, but with the intention of asking the Sixth Circuit to invoke original jurisdiction over the petition. Moreover, had petitioner filed his habeas application with the Sixth Circuit, the petition would have been transferred back to the district court. Therefore, petitioner has failed to show any error by this Court in reviewing and dismissing his habeas petition.

## ORDER

Based upon the foregoing, the motion to strike all orders entered *nunc pro tunc* is **DENIED.**

					S/DENISE PAGE HOOD
					HON. DENISE PAGE HOOD
					UNITED STATES DISTRICT JUDGE

**Dated:** December 29, 2006

I certify that the foregoing document was served on Counsel of Record on December 29, 2006, either by CM/ECF or by U.S. Mail.

					S/Kendra Byrd